1  Julie Cantor/Bar No. 231672
2  GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
   506 Santa Monica Blvd., Ste. 217
3  Santa Monica, CA 90401
4  (310) 403-8709
   (312) 881-5191 (fax)
5  jcantor@goldmanismail.com

6
   *Counsel for Defendant Medtronic, Inc.*
7

8
              **IN THE UNITED STATES DISTRICT COURT**
9
10   **FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

11

12
     JENNIE FRERE,                    ) Case No. 15-cv-2338
13                                    )
14        Plaintiff,                  ) **DEFENDANT MEDTRONIC,**
                                      ) **INC.'S NOTICE OF REMOVAL;**
15        vs.                         ) **EXHIBITS A - E**
16                                    )
     MEDTRONIC, INC. and DOES 1       ) Complaint Filed:  April 22, 2015
17   THROUGH 50, INCLUSIVE,           ) Trial Date:  Not Scheduled
18                                    )
          Defendants.                 )
19                                    )

20
21
22
23
24
25
26
27
28

Defendant Medtronic, Inc. ("Medtronic")[1] respectfully gives notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, it has removed the above-entitled action to the United States District Court for the Central District of California, Eastern Division, from the Superior Court of California, County of San Bernardino. In support, Medtronic states as follows:

## I. MEDTRONIC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

1. Plaintiff filed this civil action on April 22, 2015, in the Superior Court of California, County of San Bernardino, originally styled *Jennie Frere v. Medtronic PLC et al.*, Case No. CIVDS1505761. A copy of Plaintiff's Complaint, Summons, and associated paperwork served upon Medtronic is attached hereto as Exhibit A.

2. This Notice of Removal is timely because it is filed within 30 days of Medtronic's receipt of papers showing that the case has become removable (namely, orders granting Plaintiff's requests for dismissal of all non-diverse defendants) and within 1 year of the date of commencement of this action. On October 14, 2015, the state court entered Plaintiff's Request for Dismissal of Defendant St. Mary Medical Center. (Ex. B.) The next day, the court entered Plaintiff's Request for Dismissal of the last non-diverse defendant, Joe Park, M.D. (Ex. C.) Medtronic obtained copies of the dismissal orders on October 16, 2015. This removal notice is therefore timely. 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a

---

[1] The Complaint initially and incorrectly named "Medtronic PLC" as a defendant. (Ex. A at 2, 7.) On October 2, 2015, the state court corrected the error by substituting Medtronic, Inc. for Medtronic PLC. (*See* Ex. D (list of parties from state docket).)

- 2 -

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL; EXHIBITS A - E

copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[E]ven if a case were not removable at the outset," it may be "rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper'"); *see also* 28 U.S.C. § 1446(c)(1) (removal under Section 1446(b)(3) must be taken within 1 year of commencement unless the district court finds that the plaintiff acted in bad faith to prevent removal).

3. The United States District Court for the Central District of California, Eastern Division, is the proper venue for removal of this action because "the district and division embracing the place where such action is pending" is San Bernardino County, California. 28 U.S.C. § 1441(a).

4. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Superior Court of California, San Bernardino County, and Medtronic will serve a copy of the Notice of Removal on all parties to the case. A copy of the Notice to the Clerk of the Superior Court of California, San Bernardino County is attached hereto as Exhibit E.

5. By filing this Notice, Medtronic does not waive its right to assert any defense or affirmative matter, including without limitation the defenses listed in Federal Rule of Civil Procedure 12(b) and any other procedural or substantive defenses available to Medtronic under state or federal law.

**II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332.**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Removal is appropriate under 28 U.S.C. § 1441(b) because complete diversity of

citizenship exists between Plaintiff and Medtronic and Medtronic is not a citizen of California, the state in which this action was brought.

### A. Complete Diversity of Citizenship Exists Between the Parties.

7. Complete diversity exists between the parties to this action. As reflected in the Complaint, Summons, and associated paperwork, Plaintiff was domiciled in Victorville, California at the time she initiated this lawsuit. (Ex. A at 1, 3-5, 7.) Plaintiff is therefore a citizen of California.

8. Medtronic, Inc. is incorporated under the laws of the State of Minnesota with its principal place of business at 710 Medtronic Parkway, LC 355, Minneapolis, Minnesota 55432. Medtronic, Inc. is therefore a citizen of Minnesota. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities").

9. Removal is appropriate because complete diversity of citizenship exists between the parties (disregarding defendants sued under fictitious names, 28 U.S.C. § 1441(b)(1)) and Medtronic is not a citizen of California, the state in which this action was brought. *See* 28 U.S.C. § 1441(b)(2).

### B. The Amount-in-Controversy Requirement is Satisfied.

10. The amount-in-controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based upon diversity of citizenship must exceed $75,000, exclusive of interest and costs.

11. Plaintiff's Summons indicates that she seeks "[u]nlimited" damages for personal injuries in excess of $25,000 (Ex. A at 5), but her Complaint does not allege a specific amount in controversy. This is likely because California law bars a plaintiff from stating the amount demanded in a complaint that seeks damages for personal injury. CCP § 425.10(b). Where, as here, state pleading practices do not permit demand for a specific sum, "the notice of removal may assert the amount in

controversy." 28 U.S.C. § 1446(c)(2)(A). The notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 135 S. Ct. at 553.

12. Although Medtronic denies any liability for Plaintiff's alleged injuries and damages, the amount in controversy clearly exceeds $75,000. Plaintiff alleges that a neuromodulation pump manufactured by Medtronic was implanted into her body in December 2011 and subsequently malfunctioned. (Ex. A ¶¶ 15-16.) Specifically, her device "failed to administer the medications as expected, causing the need for a revision surgery on January 23, 2014." (*Id.* ¶ 16.) Further, during the revision surgery, Plaintiff's physician allegedly discovered that "the intrathecal catheter tip had broken off and was lodged inside of the Plaintiff, causing injury to the Plaintiff." (*Id.*) Plaintiff's device and the catheter tip were allegedly removed during another procedure in March 2014. (*Id.*) As a result of these events, Plaintiff allegedly suffered "severe personal injuries, pain and suffering, mental anguish, and emotional distress all to her general damage," including "liability for medical aid and attention, hospitalization, x-rays, nursing care, and drugs for proper care and treatment of Plaintiff's said injuries." (*Id.* ¶¶ 18-19.) Plaintiff also asserts that she will "continue to incur . . . liability for an indefinite time in the future." (*Id.*) She seeks compensatory as well as punitive damages. (*Id.* ¶¶ 17-18.) These allegations of multiple surgeries and hospital stays, severe personal injuries, ongoing medical expenses, pain, suffering, and emotional distress amply demonstrate that the amount in controversy more likely than not exceeds $75,000.

13. Courts across the country regularly hold that cases involving serious physical injuries, such as those alleged here, satisfy the amount-in-controversy requirement. *See*, *e.g.*, *Marsar v. Smith & Nephew, Inc.*, 950 F. Supp. 2d 1228, 1229-30 (M.D. Fla. 2013) (denying motion to remand in wrongful-death products liability claims where plaintiff sought unspecified damages in excess of $15,000); *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount") (collecting cases); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding complaint "obviously asserts a claim exceeding $75,000" where plaintiff sought damages for alleged "serious and life-threatening medical conditions" due to the use of a prescription medication).

14. Medtronic need not confirm through discovery in state court that the jurisdictional amount is satisfied. Indeed, "a defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.' It is not the law that 'cases are not removable until there has been an absolute affirmation via discovery . . . that more than $75,000 [is] in issue.'" *Fields v. Jay Henges Enters., Inc.*, No. 06-323-GPM, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006) (quoting *McCoy*, 226 F. Supp. 2d at 941); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) ("[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled"); *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (holding that a complaint "can facially state a claim over the

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL; EXHIBITS A - E

jurisdictional amount when there are *no* numbers in the [complaint] at all," and that removal was untimely where it was apparent from the complaint that an amount sufficient to satisfy the requirements of diversity jurisdiction was in controversy) (emphasis in original) (collecting cases).

## CONCLUSION

In this civil action, there is complete diversity of citizenship between Plaintiff and Medtronic. Medtronic is not a citizen of California, and the amount-in-controversy requirement is satisfied. Accordingly, this case is removable to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: November 13, 2015      **MEDTRONIC, INC. (incorrectly named as MEDTRONIC PLC)**

By: /s/ Julie Cantor
Julie Cantor
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
506 Santa Monica Blvd., Ste. 217
Santa Monica, CA 90401
(310) 403-8709
(312) 881-5191 (fax)
jcantor@goldmanismail.com

## PROOF OF SERVICE

STATE OF ILLINOIS, COUNTY OF COOK

I am employed in the County of Cook, State of Illinois. I am over the age of 18 and not a party to this action; my business address is 564 W. Randolph St., Ste. 400, Chicago, Illinois 60661.

On **November 13, 2015**, I served the foregoing documents described as: **DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL; EXHIBITS A - E** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

***SEE ATTACHED SERVICE LIST***

☐ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Chicago, Illinois.

☒ BY OVERNIGHT DELIVERY: I deposited a true copy of said document(s) and an unsigned copy of this declaration in a sealed envelope, with delivery fees paid or provided for, addressed as follows in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by Federal Express to receive documents.

I declare under penalty of perjury under the laws of the State of Illinois that the above is true and correct. Executed on **November 13, 2015.**

Kerri McKeand

## **SERVICE LIST**

Stephen J. Randall
PEARSON, RANDALL, & SCHUMACHER, P.A.
310 4th Avenue South, Ste. 510
Minneapolis, MN 55415
(612) 767-7519
(612) 767-7501 (fax)
srandall@prslegal.com

*Attorney for Plaintiff Jennie Frere*

- 9 -
DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL; EXHIBITS A - E