# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
09/04/2015
CT Log Number 527769815

TO: Vicki Tersteeg
Medtronic, Inc.
710 Medtronic Pkwy, Ms: LC300
Minneapolis, MN 55432-5604

RE: **Process Served in California**

FOR: Medtronic, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jennie Frere, Pltf. vs. Medtronic PLC, et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Notice, Cover Sheet, Certificate, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | San Bernardino County - Superior Court, CA Case # CIVDS1505761 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Medtronic SynchroMed II and Medtronic intrathecal catheter model 8709 and/or 8709SC |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/04/2015 at 14:53 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jennie Frere 15685 Jasmine St. Victorville, CA 92395 760-843-5498 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/05/2015, Expected Purge Date: 09/10/2015 |
| | Image SOP |
| | Email Notification, Vicki Tersteeg VICKI.ANN.TERSTEEG@MEDTRONIC.COM |
| | Email Notification, Jackie Hiltner jackie.hiltner@medtronic.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 555 Capitol Mall Suite 1000 Sacramento, CA 95814 |
| **TELEPHONE:** | 916-497-0656 |

Page 1 of 1 / VV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



## LAW OFFICES OF PATRICIA A. LAW

September 1, 2015

The Corporation Company
555 Capitol Mall Street, Suite 1000
Sacramento, CA 95814

**_Re:   Frere vs. Medtronic, PLC, et al._**

The Corporation Company:

In response to your letter dated June 23, 2015, log #527342912 and pursuant to my conversation with your office on August 18, 2015, it appears that Medtronic, Inc., may have been erroneously sued as Medtronic PLC. Please forward service of this Summons and Complaint to Medtronic, Inc.

Very truly yours,

**LAW OFFICES OF PATRICIA A. LAW**
**A Professional Corporation**

JONATHAN A. FALCIONI

PAL/ml

Enclosures

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------
------------------------------------------------------------
CASE NO: CIVDS1505761

JENNIE FRERE
15685 JASMINE ST
VICTORVILLE CA 92395

NOTICE OF TRIAL SETTING CONFERENCE
and NOTICE OF CASE ASSIGNMENT

IN RE: FRERE-V-MEDTRONIC PLC, ET AL

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 West Third Street
SAN BERNARDINO, CA  92415-0210.

HEARING DATE: 10/19/15 at  8:30 in Dept. S31


DATE: 04/22/15  Christina M. Volkers, Clerk of the Court
By: DENNIS NEWCOMB
------------------------------------------------------------------------
------------------------------------------------------------------------
CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 04/22/15
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 04/22/15 at San Bernardino, CA

BY: DENNIS NEWCOMB

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** MEDTRONIC PLC; ST. MARY MEDICAL CENTER;
*(AVISO AL DEMANDADO):* JOE PARK, M.D.; AND DOES 1 THROUGH 50,
INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:** JENNIE FRERE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 2 2 2015

BY _____
DENNIS NEWCOMB, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Bernardino<br>247 W. 3RD STREET<br>San Bernardino, California 92415-0210 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>CIVDS 1505761 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: JENNIE FRERE, IN PRO PER
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
15685 JASMINE STREET
VICTORVILLE, CA 92395                                                    760-843-5498

| DATE:<br>*(Fecha)* | APR 2 2 2015 | Clerk, by<br>*(Secretaria)* | DENNIS NEWCOMB | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

To: 19516838321  From: 17609814152  Date: 04/21/15  Time: 11:30 AM Page: 03
To: 17609814152  From  )516838321  Date: 04/21/15  Time: 1  9 AM Page: 04/16

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| JENNIE FRERE, IN PRO PER<br>13683 JASMINE STREET<br>VICTORVILLE, CA 92395<br>TELEPHONE NO.: 760-843-5498  FAX NO.:<br>ATTORNEY FOR (Name): JENNIE FRERE | SBN: | **F I L E D**<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>APR 22 2015<br><br>BY _____<br>DENNIS NEWCOMB, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 W. 3RD STREET
MAILING ADDRESS: 247 W. 3RD STREET
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: San Bernardino Justice Center

CASE NAME: JENNIE FRERE VS. MEDTRONIC PLC. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVDS 1505761 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [X] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive

4. Number of causes of action (specify): FOUR

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: April 21, 2015

JENNIE FRERE, IN PRO PER
(TYPE OR PRINT NAME)                        X _Jennie M Frere_
                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JENNIE FREIE

vs.

CASE NO.: CIVDS 1505761

### CERTIFICATE OF ASSIGNMENT

MEDTRONIC PLC, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
JUSTICE CENTER _____ District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district. |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20. Other Medical Malpractic | The injury occurred within the district. |
| | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| ST. MARY MEDICAL CENTER | 18300 CA-18 |
|---|---|
| NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |

| APPLE VALLEY | CA | 92307 |
|---|---|---|
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on April 21, 2015 _____ at Rancho Cucamonga _____, California.

X _Jennie on Freia_
Signature of Attorney/Party

### CERTIFICATE OF ASSIGNMENT

1   Jennie Frere
    15685 Jasmine St.
2   Victorville, Ca 92395
    Phone: (760) 843-5498
3

4   Plaintiff in pro per

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 22 2015

BY _____
    DENNIS NEWCOMB, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JENNIE FRERE, | CASE NO.: |
|     Plaintiff, | CIVDS 1505761 |
| vs. | |
| MEDTRONIC PLC; ST. MARY MEDICAL CENTER; JOE PARK, M.D.; AND DOES 1 THROUGH 50, INCLUSIVE, | **COMPLAINT FOR DAMAGES** |
|     Defendants. | |

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. The true names or capacities, whether individual, partnership, limited partnership, corporate, limited liability partnership, limited liability company, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive, are presently unknown to Plaintiff who therefore sues them by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint by appropriate allegations when those true names or capacities become known to Plaintiff. Plaintiff is informed and believes and thereon alleges that each of said Defendants in some manner negligently, carelessly, recklessly, willfully, or intentionally proximately caused or contributed to the injuries and damages suffered by Plaintiff.

2. That each of the Defendants herein was the agent, servant, employee, ostensible agent, joint-venturer, and or co-conspirator of each other Defendant herein, and was at all times acting

Complaint for Damages

1 within the course and scope of said agency, servitude, employment, joint-venture and/or

2 conspiracy. Plaintiff is informed and believes and thereon alleges that the acts of Defendants

3 who were agents, servants, and employees as hereinafter alleged were done at the direction or

4 with the authorization or ratification of each Defendant who was a principal, master or employer,

5 and as to corporate Defendants, said direction, authorization or ratification was on the part of

6 officers, directors or agents with managerial authority.

7        3. Plaintiff is further informed and believes and thereon alleges that officers, directors,

8 and managing agents of the corporate Defendants herein had advance knowledge of the unfitness

9 of the Defendants herein who were acting as agents, servants, or employees.

10        4. Defendants, St. Mary Medical Center ("St Mary's") and Does 1 through 10, inclusive,

11 and each of them, are business entities which Plaintiff is informed and believes and thereon

12 alleges were at all times herein mentioned doing substantial business in the County of San

13 Bernardino, State of California and were licensed and regulated as hospitals and/or acute care

14 facilities by the State of California, and located at 18300 CA-18, Apple Valley, CA 92307.

15        5. Plaintiff is informed and believes and thereon alleges that Joe Park, M.D. and Does 11

16 through 40, inclusive, and each of them, were at all times mentioned physicians, surgeons, nurse

17 practitioners, pharmacists, residents, interns, nurses, or other health care professionals licensed to

18 practice medicine, perform surgery, provide ancillary medical treatment, dispense and/or

19 administer medication under the laws of the State of California and were engaged in the practice

20 of the healing arts at, and availed themselves of facilities of St. Mary's at the aforementioned

21 address. Upon information and belief, the parties named herein were in the course and scope of

22 their employment with St. Mary's at the time of the events sued upon herein.

23        6. At all times herein mentioned, Defendants Medtronic PLC ("Medtronic") and Does

24 41-50, whose principal place of business is 710 Medtronic Parkway, Minneapolis, were

25 companies and/or corporations duly created, existing, and doing business pursuant to the laws of

26 the State of Minnesota and doing substantial business in the State of California, thereby invoking

27 the benefits and protection of the laws of the State of California.

28

1    7. Plaintiff is informed and believes and thereon alleges that Defendants, St. Mary's and

2  Does 1 through 10, inclusive, and each of them, were licensed and regulated by the State of

3  California for the purpose of providing hospital care, physicians and surgeons, nurses, medical

4  specialists, pharmacy services, and support staff for the proper care and treatment of its patients,

5  and held itself out as capable of providing such services in a professional and competent manner.

6    8. That on January 22, 2015, Plaintiff served on the named Defendants who are health

7  care providers notices of Plaintiff's intention to commence this action as required by Section 364

8  of the *Code of Civil Procedure*. Copies of the notices are attached hereto collectively as Exhibit

9  "A" and made a part hereof.

10                          **FIRST CAUSE OF ACTION**

11                                  **<u>NEGLIGENCE</u>**

12    Plaintiff, Jennie Frere, complains of Defendants St. Mary Medical Center, Joe Park,

13  M.D., and Does 1 through 40, and each of them, and for a cause of action for negligence alleges:

14    9. Plaintiff refers to each of the allegations contained in Paragraphs 1 through 8 of the

15  General Allegations and by such reference incorporates them herein as though set forth in detail.

16    10. On or about January 23, 2014, Plaintiff presented to St. Mary's to undergo, among

17  other things, an intrathecal pump revision.  The indications for surgery were "continual severe

18  low back pain with pump implant on 12/22/11 and with progressive increase of the pump

19  medication rate..."  Plaintiff is informed and believes and thereon alleges that Defendant Dr. Park

20  implanted the intrathecal pump and catheter for which the revision surgery was performed on

21  January 23, 2014.  Defendants Joe Park, M.D. and Does 11 through 40 performed and/or

22  participated in the January 23, 2014 revision surgery.  The operative report for the January 23,

23  2014 intrathecal catheter revision states the following: "upon releasing the anchor it was noted at

24  the distal tip of the catheter was missing with the edge of old catheter being ragged and cut.

25  There was no distal piece of the catheter to salvage..."  Plaintiff presented to St. Mary's on March

26  8, 2014 with pain and swelling in the area of the pain pump.  Plaintiff was hospitalized from

27  March 8, 2014 through March 15, 2014.  During that hospital admission, Plaintiff had the

28  Medtronic devices removed.  In addition, Plaintiff underwent surgery to remove the catheter tip

**Complaint for Damages**                        -3-

1    that was lodged in her lumbar spine.  Furthermore, Plaintiff was diagnosed with "pain pump

2    pocket infection" and "staphylococcus aureus meningitis."  On or after January 23, 2014,

3    Plaintiff learned for the first time that Defendants negligently implanted, revised, and/or removed

4    the Medtronic device(s) in such a manner that a piece of the intrathecal catheter was

5    disconnected inside of Plaintiff's body, causing severe pain, infection, and other injuries.

6    Plaintiff has suffered severe and permanent injuries as a result of the aforementioned care which

7    constituted medical (professional) negligence.  The conduct of the individual Defendants was

8    carried out in the course and scope of their employment with St. Mary's Medical Center.

9        11.  At all times mentioned herein, Defendants St. Mary's, Joe Park, M.D., and Does 1

10   through 40, inclusive, and each of them, and their agents and employees failed to possess that

11   degree of learning and skill ordinarily possessed by reputable physicians, surgeons, pharmacists,

12   specialists, nurses, or allied health care providers practicing in the same or a similar locality and

13   under similar circumstances.  As hereafter alleged, Defendants, and each of them, failed to use

14   the care and skill ordinarily exercised in like cases by reputable members of the profession or

15   specialty practicing in the same or a similar locality under similar circumstances, and failed to

16   use reasonable diligence and his or her best judgment in the exercise of skill and the application

17   of learning.

18       12.  That as a direct and proximate result of the negligence and carelessness of

19   Defendants, and each of then, as aforementioned, Plaintiff was caused to suffer severe personal

20   injuries, pain and suffering, mental anguish and emotional distress all to her general damage in

21   an amount within the jurisdiction of this Court.

22       13.  As a direct and proximate result of the negligence and carelessness of Defendants,

23   and each of them, as aforementioned, Plaintiff has necessarily incurred liability for medical aid

24   and attention, hospitalization, x-rays, nursing care and medications for the proper care and

25   treatment of Plaintiff's said injuries and Plaintiff will continue to incur such liability for an

26   indefinite time in the future, all to Plaintiff's special damage in amounts presently unascertained,

27   and Plaintiff prays leave that when said amounts are ascertained, Plaintiff may be permitted to

28   amend to insert the same herein with appropriate allegations.

**Complaint for Damages**                        -4-

## SECOND CAUSE OF ACTION

## <u>PRODUCTS LIABILITY - STRICT LIABILITY</u>

Plaintiff, Jennie Frere, complains of Defendants Medtronic PLC and DOES 41 through 50, and each of them, and for a cause of action for Strict Liability alleges:

14. Plaintiff refers to each of the allegations contained in Paragraphs 1 through 8 of the General Allegations and by such reference incorporates them herein as though set forth in detail.

15. That on a date prior to January 23, 2014, Defendants Medtronic and Does 41-50, and each of them, manufactured, designed, engineered, sold, tested, owned, controlled, marketed, advertised, flooded the market, solicited health care professionals, distributed, bailed, assembled, and altered certain intrathecal pumps and catheters, namely Medtronic SynchroMed II and Medtronic intrathecal catheter model 8709 and/or 8709SC generally described as a "pain pump" for administration of drugs directly into the spinal cord, so that they existed in a defective condition, imminently dangerous to the life, safety, health, and welfare of those who would foreseeably use them, in that they lacked adequate and sufficient structural integrity or other safety mechanisms and designs such that the pump could fail to effectively administer drugs and/or disassemble after implantation, endangering and injuring the user.

16. Defendants, and each of them, had reason to know of the aforesaid defects, of their duty to disclose the defects directly to the user through written warnings and product literature and to medical practitioners who utilize said systems. Defendants, and each of them, had the knowledge and opportunity to fix said defects and to warn both the patients and their physicians of the possible dangers the systems posed, and failed to do so within a reasonable period of time. That on or about December 22, 2011, Plaintiff had the systems described above implanted by Joe Park, M.D. The Medtronic SynchroMed II and/or Medtronic intrathecal catheter model 8709 and/or 8709SC failed to administer the medications as expected, causing the need for a revision surgery on January 23, 2014. During the January 23, 2014 surgery, it was discovered that the intrathecal catheter tip had broken off and was lodged inside of the Plaintiff, causing injury to the Plaintiff. The failed device(s) and the catheter tip had to be removed in March, 2014.

17. That Defendants, and each of them, knew of the defective condition of the abovementioned Medtronic devices before any such product was placed into the stream of

1  commerce and ultimately sold to the public, and knew or had reason to know of the danger to

2  life, limb, health and safety such defective condition posed to foreseeable users, and in conscious

3  disregard for the safety of said foreseeable users, Defendants sold the product without remedying

4  the defect, and that Defendants purposely did not warn of the defects in an attempt to conceal it

5  from foreseeable users. Defendants, and each of them, failed to warn of the defect or remedy the

6  defect because it would diminish their expected profit from the marketing sale of the product.

7  Further, Plaintiff is informed and believe and thereon allege that many if not all of the lots or

8  production that included the subject products had the same defect, thereby making it impossible

9  for Defendants not to have known of the defect before this incident. The conduct of Defendants,

10  and each of them, as heretofore alleged constitutes fraud in that Defendants represented to

11  Plaintiff and her doctor that the product was safe, intending the Plaintiff and her doctor to rely on

12  said representations, thereby exposing the public to the concealed peril. The conduct of

13  Defendants, and each of them, as aforesaid further constituted oppression and malice in that

14  Defendants knew that Plaintiff and her doctor would rely upon their fraudulent

15  misrepresentations about the safety of the product, and thereby be deprived of the right to safe

16  implantable devices, and subject to the imminent risk of death or serious bodily injury. Plaintiff

17  is informed and believes and thereon alleges that the acts of oppression, fraud and malice

18  heretofore alleged were done by directors, supervisors and or managing agents of Defendants,

19  and each of them. Plaintiff is further informed and believes and thereon alleges that Defendants,

20  and each of them, further directed, authorized and/or ratified the aforesaid acts of oppression,

21  fraud and malice. As a direct and proximate result of the fraudulent, oppressive and malicious

22  conduct engaged in by Defendants, in conscious disregard of the rights and safety of Plaintiff,

23  Plaintiff sustained severe injuries. Plaintiff is entitled to an award of damages for the sake of

24  punishing the conduct of said Defendants and to make an example of said conduct to deter future

25  similar conduct.

26       18. As a direct and proximate result of the product defects as aforesaid, Plaintiff was

27  caused to and did suffer severe personal injuries, pain and suffering, mental anguish, and

28  emotional distress all to her general damage in an amount within the jurisdiction of this Court.

     19. As a direct and proximate result of the product defects as aforesaid, Plaintiff has

**Complaint for Damages**                                    -6-

1   necessarily incurred liability for medical aid and attention, hospitalization, x-rays, nursing care,

2   and drugs for the proper care and treatment of Plaintiff's said injuries and Plaintiff will continue

3   to incur such liability for an indefinite time in the future, all to Plaintiff's special damage in

4   amounts presently unascertained, and Plaintiff prays leave that when said amounts are

5   ascertained, Plaintiff may be permitted to amend to insert the same herein with appropriate

6   allegations.

7        20.   As a direct and proximate result of the product defects as aforesaid, Plaintiff has

8   necessarily suffered loss of earnings, and Plaintiff will continue to suffer such loss for an

9   indefinite time in the future, and Plaintiff's earning capacity in the future has been greatly

10   reduced, all to Plaintiff's further special damage in amounts presently unascertained, and Plaintiff

11   prays leave that when the said amounts are ascertained, Plaintiff may be permitted to amend to

12   insert the same herein with appropriate allegations.

13   **THIRD CAUSE OF ACTION**

14   **PRODUCTS LIABILITY - NEGLIGENCE**

15        Plaintiff, Jennie Frere, complains of Defendants Medtronic PLC and DOES 41 through

16   50, and each of them, and for a cause of action for Strict Liability alleges:

17        21.   Plaintiff refers to each of the allegations contained in Paragraphs 1 through 8 of the

18   General Allegations and by such reference incorporates them herein as though set forth in detail.

19        22.   That on a date prior to January 23, 2014, Defendants Medtronic and Does 41-50, and

20   each of them, manufactured, designed, engineered, sold, tested, owned, controlled, marketed,

21   advertised, flooded the market, solicited health care professionals, distributed, bailed, assembled,

22   and altered certain intrathecal pumps and catheters, namely Medtronic SynchroMed II and

23   Medtronic intrathecal catheter model 8709 and/or 8709SC generally described as a "pain pump"

24   for administration of drugs directly into the spinal cord, so that they existed in a defective

25   condition, imminently dangerous to the life, safety, health, and welfare of those who would

26   foreseeably use them, in that they lacked adequate and sufficient structural integrity or other

27   safety mechanisms and designs such that the pump could fail to effectively administer drugs

28   and/or disassemble after implantation, endangering and injuring the user.

     23.   Defendants, and each of them, had reason to know of the aforesaid defects, of their

**Complaint for Damages**        -7-

1   duty to disclose the defects directly to the user through written warnings and product literature

2   and to medical practitioners who utilize said systems. Defendants, and each of them, had the

3   knowledge and opportunity to fix said defects and to warn both the patients and their physicians

4   of the possible dangers the systems posed, and failed to do so within a reasonable period of time.

5   That on or about December 22, 2011, Plaintiff had the systems described above implanted by Joe

6   Park, M.D. The Medtronic SynchroMed II and/or Medtronic intrathecal catheter model 8709

7   and/or 8709SC failed to administer the medications as expected, causing the need for a revision

8   surgery on January 23, 2014. During the January 23, 2014 surgery, it was discovered that the

9   intrathecal catheter tip had broken off and was lodged inside of the Plaintiff, causing injury to the

10   Plaintiff. The failed device(s) and the catheter tip had to be removed in March, 2014.

11      24. As a direct and proximate result of the product defects as aforesaid, Plaintiff was

12   caused to and did suffer severe personal injuries, pain and suffering, mental anguish, and

13   emotional distress all to her general damage in an amount within the jurisdiction of this Court.

14      25. As a direct and proximate result of the product defects as aforesaid, Plaintiff has

15   necessarily incurred liability for medical aid and attention, hospitalization, x-rays, nursing care,

16   and drugs for the proper care and treatment of Plaintiff's said injuries and Plaintiff will continue

17   to incur such liability for an indefinite time in the future, all to Plaintiff's special damage in

18   amounts presently unascertained, and Plaintiff prays leave that when said amounts are

19   ascertained, Plaintiff may be permitted to amend to insert the same herein with appropriate

20   allegations.

21      26. As a direct and proximate result of the product defects as aforesaid, Plaintiff has

22   necessarily suffered loss of earnings, and Plaintiff will continue to suffer such loss for an

23   indefinite time in the future, and Plaintiff's earning capacity in the future has been greatly

24   reduced, all to Plaintiff's further special damage in amounts presently unascertained, and Plaintiff

25   prays leave that when the said amounts are ascertained, Plaintiff may be permitted to amend to

26   insert the same herein with appropriate allegations.

27   ///

28   ///

## FOURTH CAUSE OF ACTION

## PRODUCTS LIABILITY - BREACH OF WARRANTY

Plaintiff, Jennie Frere, complains of Defendants Medtronic PLC and DOES 41 through 50, and each of them, and for a cause of action for Strict Liability alleges:

27. Plaintiff refers to each of the allegations contained in Paragraphs 1 through 8 and 15 through 20 of the General Allegations and by such reference incorporates them herein as though set forth in detail.

28. That on a date prior to January 23, 2014, Defendants Medtronic and Does 41-50, and each of them, expressly warranted and represented, orally and/or in writing, that the Medtronic SynchroMed II and Medtronic intrathecal catheter model 8709 and/or 8709SC were free from defects and in all respects safe for use in the manner for which it was manufactured, designed, engineered, sold, tested, owned, controlled, marketed, advertised, bailed, assembled, and altered by said Defendants, and each of them. Further, said Defendants, and each of them, warranted and represented, orally and/or in writing, that said products were of merchantable quality and would be safe to handle and use, and would be fit for their intended purpose, which purpose was known to said Defendants. Plaintiff is informed and believes and thereon alleges that each of said warranties and warranty representations were made at the time said products were marketed, distributed, sold, bailed, or otherwise transferred into Plaintiff's doctor's possession. That they justifiably relied on, and were the beneficiary of said warranties and warranty representations when utilizing the aforesaid products.

29. That said express warranties and warranty representations were untrue and breached by said Defendants, and each of them, in that the products were not of merchantable quality, nor were they fit for their intended use in that they lacked adequate and sufficient structural integrity or other safety mechanisms and designs, warnings, inserts, disclaimers, or other informational literature either to the surgeon with instructions to pass the information on to the user or directly to the user of said medication, thereby rendering them unsafe and unfit for use. Defendants, and each of them, had reason to know of the aforesaid defects, and of the possible defects of the products and failed to provide adequate and sufficient warnings concerning the defects to those who would foreseeably use the products, having a reasonable opportunity to do so. That as a

Complaint for Damages                                    -9-

1  direct and proximate result of the breach of express and implied warranties and warranty

2  representations by said Defendants, and each of them, as aforesaid, and as a direct and proximate

3  result of Plaintiff's justifiable reliance thereon, Plaintiff had the Medtronic devices described

4  above implanted, all of which failed and caused injury to the Plaintiff as aforementioned and

5  thereafter had to be removed.

6       30. As a direct and proximate result of the breach of express and implied warranties by

7  Defendants, and each of them, as aforesaid, Plaintiff was caused to and did suffer severe personal

8  injuries, pain and suffering, mental anguish, and emotional distress all to her general damage in

9  an amount within the jurisdiction of this Court.

10       31. As a direct and proximate result of the breach of express and implied warranties as

11  aforesaid, Plaintiff has necessarily incurred liability for medical aid and attention,

12  hospitalization, x-rays, nursing care, and drugs for the proper care and treatment of Plaintiff's

13  said injuries and Plaintiff will continue to incur such liability for an indefinite time in the future,

14  all to Plaintiff's special damage in amounts presently unascertained, and Plaintiff prays leave that

15  when said amounts are ascertained, Plaintiff may be permitted to amend to insert the same herein

16  with appropriate allegations.

17       32. As a direct and proximate result of the breach of express and implied warranties as

18  aforesaid, Plaintiff has necessarily suffered loss of earnings, and Plaintiff will continue to suffer

19  such loss for an indefinite time in the future, and Plaintiff's earning capacity in the future has

20  been greatly reduced, all to Plaintiff's further special damage in amounts presently unascertained,

21  and Plaintiff prays leave that when the said amounts are ascertained, Plaintiff may be permitted

22  to amend to insert the same herein with appropriate allegations.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**Complaint for Damages**         -10-

1    WHEREFORE, Plaintiff, prays for judgment against Defendants, and each of them, for

2  general damages, in an amount within the jurisdiction of this Court, for special damages

3  according to proof, for costs of suit, and for such further relief as the Court may deem just and

4  proper.

5

6  Dated: April 20, 2015

7

8                                          BY: X _Jennie m Frere_____
                                              JENNIE FRERE
9                                             Plaintiff in pro per

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"



## LAW OFFICES OF PATRICIA A. LAW

**Via Certified Mail  - Return Receipt Requested**

January 22, 2015

**St. Mary Medical Center**
18300 California 18
Apple Valley, California 92307

Re:   **Notice Of Intention To File Action For Medical Negligence**
       **Jennie Frere, DOB: 1/27/1936**

To Whom It May Concern:

This firm has been retained to represent the interests of Jennie Frere. As required by California *Code of Civil Procedure, Section 364,* this letter is written to inform you that on the ninety-first day following the date of this letter, a suit for professional negligence will be filed against you and others.

The suit will allege that while in your care, Jennie Frere suffered physical injuries as a result of your medical negligence and your failure to properly render care which constituted medical malpractice.

Very truly yours,

**LAW OFFICES OF PATRICIA A. LAW**

Jonathan A. Falcioni, Esq.

JF/bs



## LAW OFFICES OF PATRICIA A. LAW

**Via Certified Mail - Return Receipt Requested**

January 22, 2015

**Joe Park, M.D.**
15447 W. Sand Street, #101B
Victorville, California 92392

Re:    Notice Of Intention To File Action For Medical Negligence
       Jennie Frere, DOB: 1/27/1936

Dear Dr. Park:

This firm has been retained to represent the interests of Jennie Frere. As required by California *Code of Civil Procedure, Section 364,* this letter is written to inform you that on the ninety-first day following the date of this letter, a suit for professional negligence will be filed against you and others.

The suit will allege that while in your care, Jennie Frere suffered physical injuries as a result of your medical negligence and your failure to properly render care which constituted medical malpractice.

Very truly yours,

**LAW OFFICES OF PATRICIA A. LAW**

Jonathan A. Falcioni, Esq.

JF/bs

951 683 8220





Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR).  The most common forms of ADR are mediation, arbitration, and case evaluation.  There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves.  These persons are called neutrals.  For example, in mediation, the neutral is the mediator.  Neutrals normally are chosen by the disputing parties or by the court.  Neutrals can help parties resolve disputes without having to go to court.

ADR is not new.  ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.**  Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.**  The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible**.  The parties can choose the ADR process that is best for them.  For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.**  This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.**  There are fewer, if any, court appearances.  And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves.  The parties don't have a lawsuit hanging over their heads for years.

Revised 07/14/10

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Revised 07/14/10

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

-4-

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association**, or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

-5-

Revised 07/14/10



$$\mathfrak{Superior\ Court\ of\ California}$$
$$\mathfrak{County\ of\ San\ Bernardino}$$

# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost.  The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, unlawful detainer, small claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil, family law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
3175-E Sedona Court (Building E)
Ontario CA 91764
TEL (909) 581-6014
FAX (909) 581-6015
WEB www.ivjc.org
EMAIL info@ivjc.org

**Accommodations For Persons With Disabilities Using Court Facilities**

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

**Jurors**: Please contact the Jury Services Office at (909) 387-6244.

**Others:** Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

**Court employees**: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

**Q&A on Rule of Court 1.100**
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm